

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed December 14, 2005            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CARL YECKEL, | § | CASE NO. 05-39136-RCM-7 |
| | § | |
| D E B T O R (S). | § | |

**<u>AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO PRIOR ORDERS CONVERTING THIS CASE TO CHAPTER 7 AND LIFTING THE AUTOMATIC STAY AND ADDRESSING DEBTOR'S MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO SAME</u>**

On November 2, 2005, this court entered an Order Converting to Chapter 7 (the "First Conversion Order") arising out of a hearing on October 26, 2005 (the "October 26, 2005 hearing"). Such order contained various findings of fact and conclusions of law under Bankruptcy Rules 9014 and 7052. Such findings of fact and conclusions of law are incorporated herein by reference.

Carl Yeckel ("debtor") complained in his Motion to Add or Amend Findings of Fact and Conclusions of Law and Memorandum in Support Thereof (the "Motion to Add or Amend Findings") that such

order was ineffective as a final order under Fed. R. Civ. P. 58 (Bankruptcy Rule 9021) because the findings of fact and conclusions of law were not in a separate instrument from the judgment of conversion to Chapter 7.

On November 6, 2005, the court entered an Order Modifying Automatic Stay (the "First Stay Modification Order") arising out of the October 26, 2005 hearing. Such order contained various findings of fact and conclusions of law under Bankruptcy Rules 9014 and 7052. Debtor did not testify at the October 26, 2005 hearing. In his Motion to Add or Amend Findings, debtor likewise complained that such order was ineffective under Fed. R. Civ. P. 58 (Bankruptcy Rule 9021) as a final order because the findings of fact and conclusions of law were not in a separate instrument from the judgment modifying the automatic stay.

The foregoing and following are the court's amended and supplemental findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014 with respect to the First Conversion Order and the First Stay Modification Order to permit the appeal to go forward and findings of fact and conclusions of law contained therein. Such findings of fact and conclusions of law also address the issues in debtor's motion to add or amend findings of fact and conclusions of law. Where appropriate, a finding of fact shall be construed as a conclusion of law and vice versa.

1. Debtor filed his Chapter 11 proceeding on August 12,

2005.

2. Prior to the filing of the bankruptcy, debtor was involved in state court litigation by the Carl B. and Florence E. King Foundation (the "King Foundation") and the Attorney General of the State of Texas (the "Attorney General") against debtor (the "state court action").

3. As a result of the state court action, a judgment was entered on or about August 20, 2004 in the state court action in favor of the King Foundation and against debtor for approximately $15 million. The Attorney General recovered a judgment against debtor of $253,513 plus appellate attorney's fees.

4. The state court jury found that the September 26, 1983 agreement between debtor and Dorothy King, as president of the King Foundation, was not authorized, approved, or ratified by the King Foundation Board of Directors.

5. Debtor timely appealed the judgment in the state court action to the Third District Court of Appeals in Texas.

6. Debtor then instituted this bankruptcy proceeding and adversary proceeding no. 05-3651 against the King Foundation, which adversary proceeding was voluntarily dismissed thereafter without prejudice by debtor.

7. The King Foundation filed a motion seeking relief from the automatic stay to allow the pending appeal of the state court action to proceed. Such motion was granted in the first modification of stay order entered November 4, 2005, after the

hearing on October 26, 2005.

8. The United States Trustee, joined by the King Foundation, filed a motion to dismiss, convert, or appoint a Chapter 11 trustee. Debtor's Chapter 11 was converted to Chapter 7 by the First Conversion Order, entered November 2, 2005.

9. The court denied debtor's oral motion for stay pending appeal of the above two orders resulting from the October 26, 2005 hearing.

10. The court has core jurisdiction of the motions to lift stay and convert under 28 U.S.C. § 157(b)(2)(A), (G), (L), and (O), and 1334.

11. Debtor's income is primarily from social security and is insufficient to fund a plan of reorganization. Additionally, debtor has insufficient other assets to fund a plan of reorganization. Any plan of reorganization of debtor would have to totally rely upon litigation. There is insufficient credible proof that a confirmable plan of reorganization can be filed or confirmed within a reasonable period of time. Although represented by counsel at the October 26, 2005 hearing, debtor did not personally appear at the October 26, 2005 hearing (allegedly because he was recovering from surgery).

12. The evidence established the necessity for an independent party to investigate debtor's disposition of assets.

13. It appears that the *Rooker-Feldman* doctrine deems this

case to be a collateral attack. *See Exxon Mobil Corp. v. Saudi Basic Inds. Corp.,* 125 S. Ct. 1517, 1520 (2005) ("The *Rooker-Feldman* doctrine is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.").

14. Lifting of the automatic stay to permit the state court appeal to proceed is appropriate. Resolution of the state court appeal is in the best interest of the estate, comports with the principles of judicial economy, the full faith and credit clause, and the principles of comity. Such appellate resolution will assist the court. Further delay of the resolution of the issues before the state appellate court is not justified or warranted and not in the best interests of debtor or creditors in this case.

15. Debtor's motion to stay the effect of the conversion order and order lifting the stay should be denied because debtor has not shown a substantial likelihood of success on appeal or a substantial legal question with the balance of equities in favor of debtor.

16. Except as granted hereinabove, the court declines to make the findings of fact and conclusions of law as requested in

debtor's Motion to Add or Amend Findings.  The exhibits in evidence show the pleadings and judgment in the state court.  A number of debtor's proposed findings of fact and conclusions of law relate to his attempted impeachment of the state court judgment and jury findings.

###END OF DOCUMENT###